U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 9 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANA FOOD SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-497-A |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | |
| and STEVEN RAY MAXWELL, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of plaintiff,
Jana Food Services, Inc., for remand.  After having considered
such motion, the response thereto of defendant Depositors
Insurance Company ("Depositors"), plaintiff's reply brief,
Depositor's notice of removal, the items filed with the notice of
removal (including plaintiff's state court pleading), and
applicable legal authorities, the court has concluded that the
motion for remand should be denied.

I.

Background

A.    Plaintiff's Pleaded Claims

This action was initiated by the filing of plaintiff's state
court pleading on May 17, 2013, in the District Court of Tarrant
County, Texas, 342nd Judicial District.  Plaintiff named as
defendants Depositors, a citizen of Iowa, and Steven Ray Maxwell

("Maxwell"), a Texas citizen.  Plaintiff, a Texas citizen,
alleged that:

Property owned by plaintiff in Arlington, Texas suffered
severe wind and hail storm damage in May 2011.  Depositors
provided to plaintiff, through an insurance policy, insurance
coverage for the loss suffered by plaintiff by reason of the
storm.  Maxwell was the insurance adjuster employed by Depositors
to adjust the loss.

Depositors is liable to plaintiff for damages resulting from
Depositors' failure to pay plaintiff the amount to which
plaintiff was entitled under the insurance policy by reason of
the storm damage.  Also, Depositors has liability to plaintiff
based on violation by the insurer of various provisions of the
Texas Insurance Code, breach by Depositors of its duty to
plaintiff of good faith and fair dealing, and violation by
Depositors of provisions of the Texas Deceptive Trade Practices
Act.  It was necessary for plaintiff to bring a claim against
Maxwell because it was anticipated that Depositors will argue
that it has no responsibility for negligent activity of Maxwell.

Maxwell is liable to plaintiff because he negligently
delivered to the wrong person a check from Depositors payable to
plaintiff as partial payment of plaintiff's storm loss policy

benefits.   Depositors did not provide a replacement check to plaintiff for seven months.

Allegations in plaintiff's pleading indicate that the dollar amount of the recovery sought by plaintiff against Depositors probably is in the hundreds of thousands of dollars. In the prayer of its pleading, plaintiff seeks as against Maxwell "recovery of damages sustained as a result of the negligence of MAXWELL in giving insurance check to third party, including, but not limited to the interest on the stolen funds from the time the check was delivered to the third party until the time the check was replaced by DEPOSITORS."   Removal Notice, attach. Pls.' [Sic] Original Pet. and Req. for Disclosure at 15, ¶ 59.

B.   The Notice of Removal

On June 19, 2013, Depositors removed this action from state court to this court by a notice of removal alleging diversity of citizenship between plaintiff and Depositors, that the citizenship of Maxwell should be disregarded because he was improperly joined as a defendant, and the existence of an amount in controversy between plaintiff and Depositors of more than $75,000.00, exclusive of interest and costs.   In support of its contention that the Texas citizenship of Maxwell should be disregarded, Depositors alleged in its notice that "Maxwell is improperly joined because Plaintiff has alleged a cause of action

3

against Maxwell for which no relief can be granted in the State
Court Action."  Notice of Removal at 3, ¶ 11.

C.   Plaintiff's Motion for Remand and Supporting Brief

     In plaintiff's motion for remand, filed July 19, 2013,
plaintiff summarized the claims it has made against Depositors
and Maxwell as follows:

>      In its original petition, [plaintiff] asserts two
>      distinct sets of claims.  Against Depositors Insurance
>      Company, [plaintiff] asserts claims for breach of
>      contract, violations of the Texas Insurance Code, and
>      breach of the duty of good faith and faith [sic]
>      dealing.  In contrast, as to Steven Ray Maxwell,
>      [plaintiff] asserts only that Mr. Maxwell is liable for
>      his own negligence in mis-delivering a payment check to
>      an unauthorized party, who absconded with the funds.

Mot. for Remand at 1.

     Plaintiff emphasized that its claim against Maxwell was
separate and independent from its claim against Depositors,
explaining that "[t]he allegations against Maxwell were specific
and arose out of Maxwell's delivery of [plaintiff's] check to a
third party without authority."  Id. at 2.  Plaintiff goes on to
suggest that its state court "allegations create an inference
that a bailment was established when Mr. Maxwell agreed to
deliver the check to [plaintiff]" and that, for that reason,
"Maxwell had, at the very least, a duty of reasonable care in
delivering the check."  Id. at 6.  From those premises, plaintiff
reasons that "[Maxwell's] failure to abide by that duty created

4

liability to [plaintiff], as a creditor beneficiary."[1]   Id.
Plaintiff then describes "the sole issue before the Court," to be
whether Maxwell's delivery of the check to the wrong person may
have created liability to plaintiff, as a creditor beneficiary.
Id.

Plaintiff emphasized the separate and independent nature of
his claim against Maxwell by the following argument:

> With regard to the way Depositors and Maxwell
> handled the claim, [plaintiff] alleged the standard
> first-party causes of action--breach of contract,
> common law bad faith, statutory unfair claims
> settlement practices, statutory bad faith, and DTPA
> causes of action--against Depositors only. . . .   In
> contrast, [plaintiff's] negligence allegation against
> Maxwell is not in regard to how Maxwell adjusted the
> claim, but rather in regard to what Maxwell did with
> [plaintiff's] check. . . .
>
>        . . . .   Certainly, if [plaintiff's] claim had
> been otherwise settled to [plaintiff's] satisfaction,
> [plaintiff] could bring a valid cause of action against
> Maxwell by himself in state court for negligence to
> recover, at a minimum, the interest not earned on the
> money for the seven months [plaintiff] was without it.

Id. at 8.

D.   Depositors' Response to the Motion for Remand

Depositors first responded by arguing that, at best from
plaintiff's standpoint, the delivery of the check to the wrong

---

[1]In support of the proposition that Maxwell's failure to deliver the check to plaintiff was a breach
of a duty that created liability to plaintiff, as a creditor beneficiary, plaintiff cites Harrison, Walker &
Harper, L.P. v. Federated Mut. Ins. Co., 2004 WL 726813 at *2 (Tex. App.--Fort Worth, Apr. 1, 2004, no
pet.)  The Harrison, Walker & Harper, L.P. opinion does not seem to provide any support for the
proposition for which plaintiff appears to have cited it.

party was a violation of the insurance contract between plaintiff and Depositors, with the consequence that it could not constitute a basis for a negligence cause of action.  And, relatedly, Depositors responded that the essence of the claim of plaintiff based on the delivery of the check to the wrong person is a contention that there was negligent claims handling inasmuch as the mis-delivered check was a part of the claims settlement process--the check was to be delivered in partial payment of the claim.  Summed up, Depositors' first argument is that Maxwell did not violate any duty he owed to plaintiff and that if a duty was violated, it was a contractual duty owed to plaintiff by Depositors; and, even if there was an element of negligence in the delivery of the check to the wrong person, Texas law does not recognize a cause of action for negligent claims handling.

Depositors also responds that the criminal conduct of the person to whom the check was wrongly delivered was an intervening superseding act that negated any liability that Maxwell otherwise would have had by reason of his mis-delivery of the check.

II.

Analysis

The Fifth Circuit recognizes two ways to establish improper joinder, "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

6

action against the non-diverse party in state court.'" <u>Smallwood</u>
<u>v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004)
(quoting <u>Travis V. Irby</u>, 326 F.3d 644, 646-47 (5th Cir. 2003)).
Only the second way is claimed by Depositors.[2]  In order to carry
its burden as to the second way, Depositors must demonstrate
"that there is no possibility of recovery by [plaintiff] against
[Maxwell]," or, "stated differently . . . that there is no
reasonable basis for the district court to predict that the
plaintiff might be able to recover against [Maxwell]."  <u>Id.</u> at
573.

       The court has concluded that there is no reasonable basis
for this court to predict that plaintiff might be able to recover
against Maxwell.  Plaintiff has not pleaded, nor has plaintiff
been able to suggest, any plausible basis for the court to
conclude that Maxwell, personally, had any duty to plaintiff to
deliver the check to plaintiff.  The pleaded facts establish that

---

[2]The court is inclined to think that Depositors, had it chosen to do so, could make a case of actual fraud in the pleading of jurisdictional facts.  There is no rational reason other than to defeat federal court jurisdiction why plaintiff would name Maxwell as a defendant in this action for the purpose of asserting an entirely separate and independent cause of action against Maxwell to recover a nominal amount (interest at today's low rates on approximately $40,000.00 for seven months).  The expense involved in causing Maxwell to be a party to the lawsuit, including service of process on him, probably was more than plaintiff could recover from Maxwell even if plaintiff could establish a legal basis for recovery against him.  A factor to be considered in determining whether actual fraud existed in the naming of Maxwell as a defendant under the circumstances of this case is that if plaintiff had sued Maxwell separately, there would not have been a sufficient amount in controversy to justify plaintiff's separate and independent claim against Maxwell in federal court.  So little would be involved in plaintiff's claim against Maxwell that there is a question as to whether such a claim could have been brought independently in anything other than a small claims court in Texas.

there was no bailment relationship between Maxwell and plaintiff.
Rather, if there was a bailment relationship between any of the
parties to the litigation, it was between Depositors and Maxwell.
Maxwell was entrusted by Depositors with a check to be delivered
to plaintiff.  When Maxwell failed to make the delivery, he might
well have violated a duty to Depositors, but he did not violate
any duty to plaintiff.  Viewed from plaintiff's standpoint, the
duty that was violated was a duty of Depositors to make payment
to plaintiff of the policy benefits.  Its failure to cause the
partial payment check to be delivered could be viewed to be in
partial breach of its policy contract obligation.  Under Texas
law, there can be no liability for negligent failure to perform a
contract unless the liability arises independent of the fact that
a contract exists between the parties.  Higginbotham v. State
Farm Mut. Auto. Ins. Co., 103 F.3d 456, 460 (5th Cir. 1997).
Thus, under Texas law, the mis-delivery of the check was not
tortious conduct, but, if anything from a legal standpoint, was a
failure of Depositors to perform its contractual commitment.

Moreover, if there had been any fault in the mis-delivery of
the check, it would be negligent claims handling because the
delivery of the check was part and parcel of the handling of
plaintiff's storm damage claim against Depositors.  Texas law
does not recognize a cause of action for negligent claims

8

handling.  _Id._  While plaintiff might be able to articulate a breach of contract claim against Depositors based on the mis-delivery of the check, there would be no basis under Texas law for assertion of a negligence claim against Depositors, much less Maxwell, for mis-delivery of the check.

Inasmuch as the court has concluded that the motion for remand must be denied for the reasons stated above, the court has no need to evaluate the merit of Depositors' contention that the criminal conduct of the person who wrongfully received the check was an intervening superseding act that negates any liability against Maxwell, and declines to do so.

III.

### Dismissal of the Claim Against Maxwell

Inasmuch as plaintiff has had a full and fair opportunity to establish for the benefit of the court that it has a claim against Maxwell, the court has concluded that a dismissal at this time of plaintiff's pleaded claim against Maxwell would be appropriate for the reason that plaintiff has failed to state a claim against him upon which relief can be granted.  The court is _sua sponte_ ordering such a dismissal.

IV.

Order

For the reasons stated above,

The court ORDERS that such motion for remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Maxwell be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED October 9, 2013.

JOHN McBRYDE
United States District Judge

10